19-71-cr
*United States v. Richard Brega*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty.

PRESENT:   DENNIS JACOBS,
           GUIDO CALABRESI,
           DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*


          -v-                                    19-71-cr

RICHARD BREGA,
                    *Defendant-Appellant.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                   MICHAEL D. MAIMIN, Assistant United
                                States Attorney (Won S. Shin, Assistant United
                                States Attorney, *on the brief*), *for* Geoffrey S.
                                Berman, United States Attorney for the

Southern District of New York, New York,
New York.

FOR DEFENDANT-APPELLANT: BRIAN A. JACOBS (Jeremy H. Temkin, Nicole C. Cassidy, *on the brief*), Morvillo Abramowitz Grand Iason & Anello PC, New York, New York, *and* Kerry A. Lawrence, *on the brief*, Calhoun & Lawrence, LLP, White Plains, New York.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Richard Brega appeals from a judgment entered December 21, 2018, after a jury trial, convicting him of mail fraud, in violation of 18 U.S.C. §§ 1341, 1346, and bribery and theft concerning a program receiving federal funds, in violation of 18 U.S.C. §§ 666(a)(1)(A), (2). The district court sentenced Brega principally to 50 months' imprisonment, to be followed by one year of supervised release. On appeal, Brega challenges the sufficiency of the evidence relating to his bribery conviction, the prosecutor's summation during his trial, and the procedural reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Brega owned and controlled Brega DOT Maintenance Corp. ("Brega DOT"), a vehicle maintenance and repair shop that serviced customers in Rockland

2

County, New York. Brega DOT contracted with Rockland Boards of Cooperative Educational Services ("Rockland BOCES") to maintain and repair school buses. According to the indictment, from 2012 through 2014, Brega participated in a bribery and fraud scheme with William Popkave, the transportation supervisor at Rockland BOCES. As part of this scheme, Brega allegedly falsified invoices submitted to Rockland BOCES for preventative maintenance ("PM") on buses that were never actually brought to Brega DOT.[1]

After Rockland BOCES began using Brega DOT for PM in 2008 or 2009, Popkave brought his personal vehicle and vehicles belonging to his friends and family to Brega DOT for maintenance services. Several years later, Popkave began approving Brega DOT invoices sent to Rockland BOCES for PM, even though he understood that services were not being performed. As part of the scheme, Popkave understood that he was receiving "free vehicle service from Brega DOT." App'x at 1281. When Popkave and Brega discussed "arranging for bills on PM services" Brega "made references" to Popkave's outstanding debt and "[k]ept [Popkave] up-to-date with the total, where it was, [and] where [he] stood." App'x at 1286. After Popkave "sent the PMs over," he believed that he would "get some credits toward [his outstanding] bill" with Brega DOT. App'x at 1284. Brega did not issue "credits" to Popkave, but he also never made

---

[1]    To remain compliant with the New York Department of Transportation ("DOT") regulations, Rockland BOCES was required to show that its buses received PM and passed a DOT inspection.

efforts to collect Popkave's debt. Popkave understood that if he "didn't put pressure on [Brega], [Brega] didn't put pressure on [him]." App'x at 1285.

In late 2014, Brega asked Popkave to go for a walk in the Brega DOT parking lot. Popkave testified that during this "walk and talk," Brega was concerned that he was "going to be investigated for business actions" and that he wanted to "clear up all his open accounts," including Popkave's outstanding debt to Brega DOT. App'x at 1296-97. Popkave agreed to (ostensibly) sell Brega automotive tools in exchange for a payment that would settle substantially all of his debt, while Brega promised to "slowly" repay Popkave the value of the tools.

Brega was charged with: (1) conspiracy to commit mail fraud, (2) mail fraud, (3) federal programs bribery, (4) theft of federal funds, and (5) obstruction of justice. The jury acquitted Brega of obstruction of justice, was unable to reach a verdict on the conspiracy to commit mail fraud count, and convicted Brega of the three remaining counts. This appeal followed.

## DISCUSSION

### I. *Sufficiency of the Evidence*

"We review sufficiency of evidence challenges *de novo*, but defendants face a heavy burden, as the standard of review is exceedingly deferential." *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018) (internal quotation marks omitted). "We must view the evidence in the light most favorable to the government, crediting every

4

inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *Id.* (internal quotation marks and brackets omitted).

Brega contends that the evidence was insufficient to show that he agreed to provide free vehicle repairs in exchange for Popkave's assistance. Brega's argument is unavailing because the evidence, viewed in the government's favor, was sufficient to support his conviction. The evidence included: Popkave's testimony that Brega consistently reminded him of his outstanding bill when they discussed PM, Popkave's understanding that if he "didn't put pressure on [Brega], [Brega] didn't put pressure on [him]," App'x at 1285, and Brega's forgiveness of Popkave's $47,318.81 of personal debt after Popkave helped Brega DOT process several PM invoices. Because we are required to view the evidence both in totality and in the light most favorable to the Government, we conclude that there was sufficient evidence to sustain Brega's bribery conviction.

## II. *Prosecutorial Misconduct*

"A defendant bears a substantial burden in arguing for reversal on the basis of prosecutorial misconduct in the summation," and "[f]laws in the government's summation will require a new trial only in the rare case in which improper statements -- viewed against the entire argument to the jury -- can be said to have deprived the defendant of a fair trial." *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010). When looking at an inappropriate remark to decide whether it warrants a new trial, "we look

to the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct." *Id.* (internal quotation marks omitted).

Brega contends that he was denied a fair trial because the government engaged in misconduct in summation that caused him substantial prejudice. Specifically, he claims that the government made improper comments during its rebuttal summation by: (1) "disparaging defense counsel" and (2) vouching for guilt by arguing that "members of the government team only 'look for justice,'" thereby "allud[ing] to facts outside the record." Appellant's Br. at 38-39. In response, the government argues that each allegedly improper statement was appropriate as rebuttal to arguments raised by Brega.

Viewed in the context of the trial as a whole, the government's statements were permissible arguments about the merits of the defendant's theory of the case or were appropriate responses to defense counsel's own summation comments, which impugned the integrity of the government's case. *See United States v. Carr*, 424 F.3d 213, 227 (2d Cir. 2005) ("[T]he government is allowed to respond to an argument that impugns its integrity or the integrity of the case, and when the defense counsel have attacked the prosecutor's credibility or the credibility of the government agents, the prosecutor is entitled to reply with rebutting language suitable to the occasion." (internal quotation marks omitted)).

First, the allegedly "disparaging comments" occurred when the government stated that it was defense counsel's job to "make arguments" and noted that counsel could argue "that the sun is not shining." App'x at 999. This comment was not "disparaging" and cannot constitute misconduct because it occurred in the context of describing the contradictions in the defense's theory -- notably, the defense counsel's suggestion that no fraud occurred and, at the same time, characterization of the government's witnesses as untrustworthy because they were fraudsters.

Second, the government's reference to the prosecution team as "career Government folks looking for justice," App'x at 1010, was made in response to the defense's argument that the case against Brega was "carefully engineered" by "strong-arm[ing] witnesses into falsely accusing Richard Brega of illegal acts." App'x at 947-48. The government responded by explaining that the prosecution team went "where the case takes you. You look for justice. This is not about strong-arming people into getting anybody, any particular person." App'x at 1010. This statement was an understandable response to defense's argument that Popkave and other witnesses were "strong-armed" into accusing Brega of the charged crimes. *See United States v. Rivera*, 971 F.2d 876, 883 (2d Cir. 1992). Even if the government's statements rose to the level of misconduct, which, viewed in the context of the entire trial, we do not say, Brega still fails to satisfy the requirements for a retrial. *See Caracappa*, 614 F.3d at 41. First, the statements were not "severe," as they constituted a small part of the summation.

7

Second, no specific curative measures were taken, as defense counsel did not object to any of the statements, but the district court did instruct the jury that "[w]hat the lawyers said in their . . . closing statements . . . is not evidence." App'x at 1034. Finally, there was sufficient evidence supporting Brega's convictions, as discussed above.

## III. *Procedural Reasonableness of Sentencing*

Section 3C1.1 of the Sentencing Guidelines provides for a two-level increase "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1. The district court applied the obstruction of justice enhancement after finding, by a preponderance of the evidence, that Brega "obstructed justice" through the automotive "tools transaction." App'x at 1462. On appeal from a district court's decision to apply an enhancement, we review the court's findings of fact for clear error, and "[w]e review *de novo* a ruling that the established facts constitute obstruction of justice, giving due deference to the district court's application of the guidelines to the facts." *United States v. Pena*, 751 F.3d 101, 105 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

We conclude that the district court's application of the obstruction-of-justice enhancement was not unreasonable. The district court's finding that Brega's acts

8

in concealing Popkave's outstanding debt to Brega DOT through a false scheme in selling automotive tools was supported by the evidence and sufficient to establish an obstructive intent. *See United States v. Peterson*, 385 F.3d 127, 142 (2d Cir. 2004) (affirming obstruction enhancement after concluding that sufficient evidence supported a motive to "impede the investigation"). Moreover, the district court was permitted to enhance Brega's sentence based on acquitted conduct, *see United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005), and the district court relied on sufficient evidence (namely, Popkave's testimony, the checks from the automotive tools transaction, and the timing of the discussion in the Brega DOT parking lot) to conclude, by a preponderance of the evidence, that Brega obstructed justice.

\* \* \*

We have considered Brega's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9